IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl L. Cook, | C/A No. 0:11-2669-RMG-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Defendant. | |

The plaintiff, Darryl L. Cook ("Cook"), a self-represented federal prisoner, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA" or "Act"), against the defendant, the United States of America.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment.  (ECF No. 32.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cook of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion.  (ECF No. 33.)  Cook filed a response in opposition (ECF No. 37) and the defendant replied.  (ECF No. 38.)  Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

---

[1] Because Cook expressly invokes the FTCA, the court addresses Cook's claims under that statute and construes the instant Complaint not to raise claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).



## BACKGROUND

Cook filed this FTCA case alleging that he was negligently transferred from a Bureau of Prisons ("BOP") facility in Atlanta, Georgia to FCI-Estill in South Carolina.[2] Specifically, Cook alleges that his transfer occurred in violation of BOP Program Statement 5180.05 and Federal Rule of Appellate Procedure 23(a). Cook appears to assert that his 28 U.S.C. § 2255 action in the United States District Court for the Northern District of Alabama was adversely affected as a result of his transfer, pointing out that an order was returned to the court as undeliverable.[3]

## DISCUSSION

**A.   Jurisdiction Under the Federal Tort Claims Act**

**1.   FTCA Generally**

As stated above, Cook has expressly filed this action pursuant to the FTCA. 28 U.S.C. §§ 2671-2680. The Act provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal

---

[2] To the extent that Cook raises arguments in his response to the defendant's motion that BOP negligently lost his property or did not provide him proper medical care, these issues are the subject of other civil actions. (See C/A Nos. 0:11-320-RMG, 0:12-216-MGL.) Further, to the extent that Cook raises additional claims in his filings or response to the defendant's motion, Cook has not filed a proper motion to amend his Complaint to include any additional claims. Accordingly, such claims are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

[3] The court observes that after the order to which Cook refers was returned as undeliverable, Cook apparently updated his address with the Northern District of Alabama. His § 2255 action remains pending. See C/A No. 2:10-08029-RDP-RRA; see, e.g., Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This waiver of immunity, however, is subject to exceptions. See 28 U.S.C. § 2680 (providing exceptions to the provisions of the Tort Claims Procedure statutes and to § 1346(b)'s waiver of sovereign immunity). The most important of these is the "discretionary function exception." See McMellon v. United States, 387 F.3d 329, 335 (4th Cir. 2004) (*en banc*) (describing § 2680(a)'s exception as "the most important"). The discretionary function exception to the Government's waiver of immunity for tort claims provides that the United States is not liable for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government." 28 U.S.C. § 2680(a). The discretionary function exception preserves sovereign immunity even if the Government was negligent, see Blakey v. U.S.S. Iowa, 991 F.2d 148, 152 (4th Cir. 1993), and even if the government employee abused his or her discretion. 28 U.S.C. § 2680(a).

If the discretionary function exception applies, then the claim is outside the limited waiver of immunity created by the FTCA and the district court is without subject matter jurisdiction to adjudicate it. See Medina v. United States, 259 F.3d 220, 223-24 (4th Cir. 2001) (finding statutory exceptions to the FTCA's waiver of immunity to be jurisdictional). The burden is on the plaintiff to show that the FTCA's waiver of immunity applies and that the statutory exceptions do not. Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). Further, the Act's limited waiver of sovereign immunity and its exceptions must be strictly construed in favor of the sovereign. Welch, 409 F.3d

*PJG*

at 650-51; see also Lane v. Pena, 518 U.S. 187, 192 (1996) (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign").

### 2. Discretionary Function Exception

In Berkovitz v. United States and United States v. Gaubert, the United States Supreme Court established a two-part test to determine whether the discretionary function exception applies. Gaubert, 499 U.S. 315, 322 (1991); Berkovitz, 486 U.S. 531, 536-37 (1988). First, the allegedly negligent act or failure to act must not have been subject to a statute, regulation, or policy that prescribed a specific course of action for the government employee to follow. Gaubert, 499 U.S. at 322; Berkovitz, 486 U.S. at 536. If the conduct at issue was governed by such a provision, then the government employee's action cannot have been discretionary. See Williams v. United States, 50 F.3d 299, 309 (4th Cir. 1995). Second, assuming that the employee had discretion because no statute, regulation, or policy required a particular action, then the employee's conduct must be susceptible to an analysis involving social, economic, or political policy considerations. Gaubert, 499 U.S. at 322-23. This prong is designed to ensure that courts apply the exception only to the type of discretionary conduct that Congress sought to protect through § 2680(a). United States v. Varig Airlines, 467 U.S. 797, 813 (1984).

The focus of the inquiry must be on the " 'nature of the conduct' " and not the " 'status of the actor.' " Gaubert, 499 U.S. at 322 (quoting Varig Airlines, 467 U.S. at 813); see also Baum v. United States, 986 F.2d 716, 720-21 (4th Cir. 1993) (holding that the court should look to the nature of the challenged decision and determine whether it is inherently grounded in policy considerations). The discretionary function exception not only protects high-level planning or policy activities, but

PJG

also applies to discretionary activities of government employees that are not characterized as "operational" or "planning" decisions, as long as the activities are grounded in policy considerations. Gaubert, 499 U.S. at 325-26. Thus, "day-to-day operational decisions of government [employees] are entitled to immunity under the FTCA so long as the choices are 'susceptible to policy analysis.'" Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 208 (4th Cir. 2002) (quoting Gaubert, 499 U.S. at 325).

Moreover, for the exception to apply, the employee need not have actually conducted a policy analysis in connection with the challenged action or inaction. See Gaubert, 499 U.S. at 325 ("The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."). The court must analyze the conduct at issue objectively, with an inquiry as to whether the employee's decision is one where the court would expect inherent considerations of policy, rather than a subjective, fact-based focus on the circumstances surrounding the employee's exercise of a particular discretionary function. Baum, 986 F.2d at 720-21. When the employee is acting pursuant to a discretionary statute, regulation, or guideline, there is a strong presumption that the employee's conduct is grounded in the policies underlying that provision. Gaubert, 499 U.S. at 324; see also Bernaldes v. United States, 81 F.3d 428, 429 (4th Cir. 1996).

### 3. Applicability of Discretionary Function Exception to Cook's Claims

Applying this test to Cook's claims, the court finds that Cook has not carried his burden of proof to show that his claims regarding his transfer fall within the FTCA's limited waiver of sovereign immunity and outside the discretionary function exception. Section 3621(b) provides in pertinent part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
> 	(1) the resources of the facility contemplated;
> 	(2) the nature and circumstances of the offense;
> 	(3) the history and characteristics of the prisoner;
> 	(4) any statement by the court that imposed the sentence--
> 		(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> 		(B) recommending a type of penal or correctional facility as appropriate; and
> 	(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b). This statute does not "mandate a specific, non-discretionary course of conduct for the BOP to follow in classifying prisoners and placing them in a particular institution. Instead, [it] give[s] the BOP ample room for judgment by listing a non-exhaustive set of factors for the BOP to consider and leaving to the BOP what weight to assign to any particular factor." Cohen v. United States, 151 F.3d 1338, 1343 (11th Cir. 1998). Moreover, other courts considering decisions regarding the classification or transfer of a federal prisoner have determined that these decisions fall within the discretionary function exception. See, e.g., Santana-Rosa v. United States, 335 F.3d 39, 44 (1st Cir. 2003); Bethae v. United States, 465 F. Supp. 2d 575, 583 (D.S.C. 2006); Patel v. United

States, 398 F. App'x 22, at *6 (5th Cir. 2010); Enlow v. United States, 161 F. App'x 837, at *3 (11th Cir. 2006).

Cook's argument that BOP failed to follow one of its own Program Statements in transferring him is unavailing. As an initial matter, Program Statement 5180.05 does not apply here. Contrary to Cook's assertion, Program Statement 5180.05 does not require that an inmate receive written notice of a transfer sixty days prior to the transfer or that the inmate be provided with an EMS 409 for the inmate's signature or approval. (See Hodges Decl. ¶ 8 & Attach. B, ECF No. 32-2 at 3, 25-31.) Further, Program Statement 5100.08, which discusses form EMS 409, similarly does not contain any such requirement. (Id. ¶ 6 & Attach. A, ECF No. 32-2 at 2, 4-24.) Accordingly, applying the Gaubert test, BOP actions in transferring Cook were discretionary as there is a clear absence of mandatory or prescribed procedures and such decisions have been recognized as policy-laden.

Based on the foregoing, the court concludes that even if BOP were negligent or abused its discretion, the United States is immune from suit on these claims pursuant to federal law. 28 U.S.C. § 2680(a).

**B.      Federal Rule of Appellate Procedure 23(a)**

Cook also argues that his transfer violated Federal Rule of Appellate Procedure 23(a), which provides:

> **Transfer of Custody Pending Review.** Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

*PJG*

However, as pointed out by the defendants and noted above, Cook does not have a *decision* in a habeas corpus proceeding pending *appellate* review. Rather, Cook has a § 2255 habeas corpus proceeding pending review in a *district* court. Accordingly, Cook has failed to demonstrate that this rule applies to his situation, and any claim based on this appellate rule must fail. See Mitchell v. McCaughtry, 291 F. Supp. 2d 823, 835 (E.D. Wis. 2003) ("Rule 23(a) applies only when a habeas action is before the court of appeals on review of a district court's decision."); see also Hairston v. Nash, 165 F. App'x 233, 235 (3d Cir. 2006) (stating that Rule 23(a) "is inapplicable to habeas petitions for which no decision has been issued and which are, therefore, not 'pending' appellate review").

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendant's motion (ECF No. 32) be granted.

October 3, 2012  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).